IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL WILSON, #230202, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:04-CV-1207-T |
| ) | |
| GOVERNOR BOB RILEY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Joseph Michael Wilson, a state inmate, contends that his constitutional rights were violated when various items of property were seized from him during the course of a criminal investigation. Wilson also challenges conditions of confinement to which he was subjected in the Tallapoosa County Jail in 2003 and actions undertaken during his criminal trial for theft by deception before the Circuit Court of Tallapoosa County, Alabama in October of 2003. The plaintiff names Bob Riley, the Governor of the State of Alabama, as the sole defendant in this cause of action.[1]

Upon review of the amended complaint, the court concludes that dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[1] This case is before the court on the amended complaint filed by the plaintiff on March 15, 2005.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action or any claim therein prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I.  DISCUSSION

## A.  Claims Against Governor Bob Riley

It is clear that defendant Riley was not in any way involved in the actions about which the plaintiff complains.  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivations.  *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988).  The requisite causal connection fails to exist in this case.

To the extent Wilson maintains that defendant Riley is liable for the actions of all state officials due to his position as Governor of the State of Alabama, the plaintiff's claims must likewise fail.  The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability.  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  In light of the foregoing, the court concludes that the plaintiff's claims against defendant Riley are frivolous as they lack an arguable basis in law and are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

---

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

## B. Claims Challenging Criminal Convictions

Wilson presents claims which attack the validity of his 2003 convictions for theft by deception before the Circuit Court of Tallapoosa County. In accordance with well settled law, these challenges provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" a conviction or sentence, "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . . ." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a conviction or sentence is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

The instant complaint asserts claims which challenge the constitutionality of convictions for theft by deception imposed upon the plaintiff by the Circuit Court of Tallapoosa County. A judgment in favor of Wilson in this cause of action would necessarily imply the invalidity of these convictions and the sentences associated with such convictions. It is clear from the complaint that the convictions about which the plaintiff complains have not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal by this court in accordance with the

provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).  *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Governor Bob Riley be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  Those claims challenging the constitutionality of criminal convictions imposed upon the plaintiff by the Circuit Court of Tallapoosa County, Alabama be dismissed without prejudice pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before April 11, 2005 the parties shall file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of March, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE